UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAY J. STALLWORTH

    Plaintiff,

vs.                                                                   Case No: 05-40273
                                                                        HON. PAUL V. GADOLA

RASHA AL-NAJI and BUDGET CAR
RENTALS TORONTO, LTD., an Ontario
Canada Corporation,

    Defendants.
_____/

## **ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Defendant Rasha Al-Naji's and Defendant Budget Car Rental Toronto, Ltd.'s joint Motion for Summary Judgment on claims of non-economic loss and economic loss in excess of Michigan No-Fault benefits following a January 5, 2006, automobile accident. Defendants allege that Al-Naji was confronted with a "sudden emergency," not of her own making, and therefore Al-Naji was not negligent in the operation of her vehicle. Defendants also argue that there is no proof that, as a result of the accident, Plaintiff suffers an objectively manifested injury that will prevent her from leading a normal life. In response, Plaintiff contends that the accident arose from Defendant Al-Naji's own negligence, not a "sudden emergency," and that Plaintiff has suffered serious injuries to various parts of her body that prevent her from leading a normal life. For the reasons set forth below, the Court will deny Defendants' motion for summary judgment.

**I. Background**

The parties pleadings present different versions of the facts pertinent to this cause of action. However, because this is a motion for summary judgment, the Court must consider the facts in a light most favorable to the non-moving party, here Plaintiff Stallworth. *See 60 Ivy St. Corp. v.*

*Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

On January 5, 2003, at approximately 10:00 p.m., Plaintiff Stallworth was traveling westbound on I-94 in the right lane in Jackson County, Michigan. At approximately the same time and place, Defendant Al-Naji was also driving westbound on I-94, in close proximity to Plaintiff's vehicle. As the vehicles approached the Mt. Hope road overpass, Defendant Al-Naji was in the left lane and Plaintiff Stallworth was in the right lane. Both Plaintiff and Defendant admit the roads were snow covered that evening. Defendant claims she lost control of her vehicle when she encountered an unexpected icy patch on the highway. Defendant's vehicle slid, striking Plaintiff's vehicle two times on the driver's side. Defendant's vehicle eventually came to a rest in the median between the east and west-bound lanes of the interstate. Both vehicles remained drivable post-accident.

Defendant Al-Naji then exited her car and walked over to Plaintiff's vehicle, where she waited for the police to arrive. The investigating officer did not issue Defendant any type of citation as a result of the accident. The investigating officer's report indicates that Al-Naji had no injuries and that Stallworth had no visible injuries but complained of pain. Def. Mot. Sum. Judg., Ex. B, D. The exact location or type of pain complaint of by Stallworth is not specifically noted in the report. Despite the alleged pains, Stallworth turned down the officer's offer to be taken to the hospital by emergency personnel. However, later that night Plaintiff was taken to the emergency room by a friend. Although she waited at the hospital until 4:00 a.m., Plaintiff did not see a doctor before leaving the hospital. Later in the morning, Plaintiff called her family doctor. Her doctor told her to come in for an office visit later that day.

Upon seeing her family doctor, Plaintiff complained of neck, shoulder, chest, and left knee

2

pain. Def. Mot. Summ. Judg., Ex. E., pp. 8-10. After the January 6, 2003 visit to her family doctor, and in the days and months following the accident, Plaintiff presented a litany of physical complaints, pains, therapies and surgeries. Plaintiff claims that she continues to live with persistent and limiting pain as a result of the accident.

Plaintiff Fay Stallworth began this cause of action against Defendant Al-Naji on August 25, 2005. Plaintiff alleges negligence on the part of Defendant in the operation of her vehicle. Since Defendant was driving a vehicle related to her employment, Plaintiff also alleges that any negligence on the part of Defendant Al-Naji is imputed to, and becomes the negligence of, Defendant Budget Car and Truck Rental through the doctrine of *respondeat superior*. Plaintiff makes a claim for all non-economic loss and economic loss in excess of No-Fault benefits. Pl.'s First Am. Compl., p. 4. Defendants claim that Plaintiff's alleged injuries do not meet the impairment threshold necessary to recover non-economic losses and economic losses in excess of Michigan No-Fault benefits. Def's Mot. Summ. Judg., p. 14. The parties do not contest diversity jurisdiction.

On September 8, 2006, Defendants filed a Motion for Summary Judgment alleging Al-Naji bears no liability because she was confronted with a "sudden emergency" at the time of the accident. *See Socony Vacuum Oil v. Marvin,* 313 Mich 528, 546; 21 N.W.2d 841 (1946). Defendants further argue that, even if the Court were not to grant Summary Judgment on that basis alone, Plaintiff has not established proof of an objectively manifested injury resulting from the accident that will generally prevent her from leading a normal life. *Kreiner v. Fischer,* 471 Mich 109, 131, 683 N.W.2d 611 (2004). Plaintiff's reply brief alleges that Defendant Al-Naji created the sudden emergency, and that Plaintiff has suffered serious impairment of body function that affects her general ability to lead a normal life.

## II. Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

4

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

This case is properly before the Court based on diversity jurisdiction. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of Michigan, United States of America, and Defendant Al-Naji is a citizen or subject of the Province of Ontario, Canada and the amount in controversy exceeds the sum of seventy-five thousand ($75,000.00) dollars. Pl.'s First Am. Compl., p. 2. A federal court sitting in diversity shall apply

5

the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Accordingly, the Court applies Michigan substantive law to the facts of this case. *See id.*

## III. Analysis

### A. Sudden Emergency Doctrine

Under Michigan law, the judicially created sudden emergency doctrine relating to liability in automobile accidents, states "[o]ne who suddenly finds himself in a place of danger, and is required to act without time to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence." *Socony Vacuum Oil Co. v. Marvin*, 21 N.W.2d 841, 848 (Mich. 1946).

Michigan law also provides that a person is subject to tort liability for noneconmic loss caused by her use of a motor vehicle only if the injured person has suffered death, serious impairment of a body function, or permanent serious disfigurement. *See* MCL 500.3135(1). To meet the requisite threshold, the injury must be an objectively manifested serious impairment of an important body function that affects the course or trajectory of a person's entire normal life. *Kreiner v. Fischer*, 683 N.W.2d 611, 624-25 (Mich. 2004).

Defendants first argue that they are entitled to summary judgement because, applying the sudden emergency doctrine to the facts of the case, Defendant Al-Naji could not be found to be negligent in the operation of her vehicle. Defendants properly state "that the sudden emergency is appropriate where a party is confronted with a situation that is 'unusual,' meaning varying from the everyday traffic routine confronting a motorist, or 'unsuspected,' meaning appearing so suddenly in the normal expectations of due and ordinary care are modified." *Amick v. Baller*, 301 N.W.2d 530,

531 (Mich. 1980). Defendants contend that a blizzard or other extreme weather condition may cause an unusual driving environment and that under these circumstance the normal expectations of due and ordinary care are modified. Also, in a similar case, a court held that icy patches on Michigan roads in winter can be unsuspected. *See Young v. Flood*, 452 N.W.2d 869, 871 (1990). Therefore, Defendant Al-Naji insists that she cannot be found negligent because unusual and unsuspected road conditions on the evening of the accident led to a sudden emergency not of her own making. Furthermore, the Michigan Court of Appeals in *Young v. Flood*, 452 N.W.2d 869 (Mich. 1990) stated that :

> "[a]n instruction of sudden emergency is to be given whenever there is evidence which would allow a jury to conclude that an emergency existed within the meaning of that doctrine." *Id*. at 544, citing *Dennis v. Jakeway*, 53 Mich. App. 68, 74, 218 N.W.2d 389 (1974). For example, "a driver who is driving at a prudent speed for icy conditions and suddenly hits a patch of ice causing the car to skid across the center line may be excused under the sudden emergency doctrine." *Id*. at 543. The Court then held that, "[h]ere the evidence that [the] defendant, while recognizing the highway was icy, hit a patch of ice that caused a skid was sufficient evidence of a sudden emergency that has been recognized by Michigan courts as an excuse for violation of the statues requiring drivers to keep to the right." *Id*. at 544.

*McCournack v. Darling*, No. 238726, slip op. at 2 (Mich. Ct. App. June 17, 2003).

Defendant claims that she was driving 15 to 20 mph under the posted speed limit of 70 miles per hour on the evening in question and that, therefore, she was traveling at a prudent speed despite the fact that the roads were snow covered. Furthermore, Defendant claims that at the time of the accident she encountered an unexpected icy patch of roadway that caused her to lose control of the vehicle and skid into Plaintiff's lane. As a result, Defendant argues that she was confronted with a sudden emergency, not of her own making, placing her in a position in which she was not able to avoid a collision with Plaintiff's vehicle. Since the circumstances in the instant case are similar to those leading to the accident in *Young*, Defendant argues that applying *Young*, she can not be found

negligent. Defendant also argues that she is not responsible for Plaintiff's claims of injury and damage.

Plaintiff Stallworth contends that Defendant Al-Naji's sudden emergency doctrine argument is without merit. Plaintiff claims that the sudden emergency doctrine does not preclude Defendant's alleged liability because, as Plaintiff maintains, Defendant brought about the sudden emergency by her own negligence. Plaintiff asserts that Defendant knew the roads were dangerous and should have driven with extreme caution. Similarly, Plaintiff argues that Defendant's alleged attempt to pass Plaintiff at between 50 and 55 mph was unreasonable considering the hazardous road conditions. Therefore, Plaintiff contends that Defendant should not be afforded the conveniences of the sudden emergency doctrine.

Taking the facts in a light most favorable to the non-moving party, the court finds that summary judgment on this issue is not appropriate. The parties contest whether or not Plaintiff was driving prudently considering the weather conditions on the evening in question. Such a determination turns on many factual questions surrounding the circumstances that evening and is significant to the determination of whether or not Plaintiff was operating her vehicle in a negligent manner. Since the record lacks conclusive evidence that indicates whether or not Defendant was negligent and caused a sudden emergency, a genuine issue of material fact exists regarding this issue.

### B. Threshold Injury

Defendants next argue that, even if summary judgment is not appropriate on the basis of the sudden emergency doctrine, Plaintiff has not suffered an objectively manifested injury that will generally prevent her from leading a normal life as a result of the January 5, 2003 accident.

Defendants maintain that their position is supported by the Michigan Supreme Court case *Kreiner v. Fischer*, 683 N.W.2d 611 (Mich. 2004). In *Kreiner*, the Michigan Supreme Court explained that, in determining whether an impairment affects a person's overall ability to lead a normal life, the analysis should start with identifying how much life has been affected, by how much, and for how long. *See id.* at 624-25. "Merely 'any effect' on the plaintiff's life is insufficient because a de minimus effect would not, as objectively viewed, affect the plaintiffs 'general ability' to lead her life." *Id.* at 626.

Defendants argue that Plaintiff's alleged injuries have not inhibited Plaintiff's general ability to lead a normal life. Defendants contend that Plaintiff is not under any physician-imposed restrictions with regard to work or activities of daily living and that Plaintiff has not been determined by a doctor to be physically incapable of performing any activity. Defendants cite two independent medical examinations that clearly state Plaintiff is able to work and is not physically restricted from performing any activity. Def.'s. Mot. Summ. Judg., Ex. X,Y. Consequently, Defendants allege that any restrictions on Plaintiff's activities have been self-imposed. Furthermore, Defendants point out, despite Plaintiff's original testimony to the contrary, Plaintiff has a longstanding history of pain complaints. Prior to the accident, Plaintiff complained of carpal tunnel symptoms, symptoms that required surgery; arthritis; and degenerative joint disease. Defendants also claim that any attempt to link Plaintiff's hand or finger complaints to the accident is unwarranted because Plaintiff's surgery on December 11, 2003, sufficiently corrected those problems. Thus, Defendants insist that Plaintiff Stallworth is unable to satisfy the threshold injury requirement articulated in *Kreiner* that is necessary for recovery of noneconomic damages. *Id.* at 131-33. Furthermore, Defendants argue, the No-Fault injury threshold is not satisfied by subjective complaints of pain which cannot establish

residual impairment. *McDanield v. Hemker*, 707 N.W.2d 211 (Mich. 2005). "[T]he extent of this residual impairment cannot be proven by way of self-imposed restrictions based on real or perceived pain. Stated differently, [plaintiff] cannot establish the extent of her residual impairment by merely claiming that she has restricted herself from engaging in activities or making certain movements because she experiences pain." *Id*. at 283. For self-imposed restrictions to meet the threshold, they may not be based on pain, but rather on physical incapability. *Id*. Referencing two independent medical examinations, Defendants point out that Plaintiff is not under any physician imposed restriction regarding work or daily activities and she has not been determined to be physically incapable of performing any activity. Therefore, Defendants allege that any restriction to her activities has been self-imposed.

However, Plaintiff characterizes her physical ailments as those that do meet the threshold for recovery of noneconomic damages. Plaintiff claims that even if she did have preexisting physical conditions or susceptibility to injury, Defendant Al-Naji is liable for exacerbating those preexisting conditions. Furthermore, Plaintiff argues that whether her current ailments result from exacerbation of preexisting conditions or injuries originating from the January 5, 200 accident, they do affect her ability to lead her normal life. Plaintiff has submitted medical records documenting the pain and injuries she allegedly suffered. As a result of the accident, Plaintiff alleges her pain persists despite treatment. Plaintiff further alleges that because of the pain she can no longer engage in recreational or work related activities as she did prior to the accident. Plaintiff also claims to have lost her self-run business because she is unable to work. She states that following the accident, one doctor did place her on disability and restricted her from returning from work. Pl. Resp. Def. Mot. Summ. Judg., Ex. B, pp. 69-70.

Taking the facts in a light most favorable to the non-moving party, the Court finds that summary judgment as to this issue is not appropriate. Plaintiff has presented at least some evidence that she is prevented from leading a normal life as a result of injuries she allegedly suffered as a result of the accident. Therefore, there is a genuine issue of material fact with respect to the application of the Michigan No-Fault injury threshold. Thus, Defendants motion for summary judgement will be denied.

## IV. Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgement [docket entry #32] is **DENIED**.

**SO ORDERED.**

Dated:  June 7, 2007                                                s/Paul V. Gadola
                                                                    HONORABLE PAUL V. GADOLA
                                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   June 7. 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:            James T. Heos; Timothy M. Lessing; Thomas F. Myers            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                  .


                                                                    s/Ruth A. Brissaud
                                                                    Ruth A. Brissaud, Case Manager
                                                                    (810) 341-7845